## In the Matter of Terry R. BOESCH

No. 64S00–0110–DI–551.

Supreme Court of Indiana.

Oct. 25, 2004.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

SHEPARD, Chief Justice.

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

Facts: The hearing officer appointed by this Court found respondent committed violations in 7 of the 8 counts with which he was charged. We find that respondent failed to appear to defend a client; improperly retained a client's file after a fee dispute was resolved; mislead a magistrate with regard to the reason respondent was late for a status conference; asserted a frivolous defense; issued a misleading press release; issued a nonparty subpoena without complying with the notice requirements; and communicated directly with a represented client during settlement negotiations

Violations: By his conduct respondent violated Ind. Professional Conduct Rule 1.1, which requires lawyers to provide competent representation; Prof.Cond.R.

1.16(c), which requires a lawyer to continue to represent a client when ordered to do so by a tribunal; Prof.Cond.R. 1.16(d), which requires a lawyer to surrender papers and property to which a client entitled; Prof.Cond.R. 3.1, which prohibits a lawyer from asserting a frivolous defense; Prof.Cond.R. 3.2, which requires a lawyer to make reasonable efforts to expedite litigation; Prof.Cond.R. 3.3(a)(1), which prohibits a lawyer from knowingly making a false statement of material fact to a tribunal; Prof.Cond.R. 3.4(c), which prohibits a lawyer from knowingly disobeying an obligation under the rules of a tribunal; Prof. Cond.R. 4.2, which prohibits a lawyer from communicating about the subject of the representation with a party the lawyer knows is represented by another lawyer in the matter; Prof.Cond.R. 7.1(b), which prohibits a lawyer form participating in the use of a public communication containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim; Prof.Cond.R. 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and Prof.Cond.R. 8.4(d), which prohibits a lawyer from engaging in conduct prejudicial to the administration of justice.

While some of these violations standing alone might warrant only modest discipline, the fact that respondent's violations are so numerous and in some cases so purposeful leads us to accept the hearing officer's recommendation that the respondent be suspended for one hundred eighty (180) days without automatic reinstatement. Thus, the respondent is suspended from the practice of law for a period of not less than one hundred eighty (180) days, effective December 1, 2004, and at the conclusion of which the respondent may petition this Court for reinstatement to the practice of law. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Hon. John R. Pera, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.